1  David M. Dushane (SBN 222421)
2  HANDAL & MOROFSKY, LLC
3  9595 Wilshire Blvd., Suite 900
   Beverly Hills, CA 90212
4  Telephone: (310) 424-5117
   Fax:        (310) 861-9008
5  Email:      dushane@handalglobal.com
6
7  Attorneys for Plaintiff,
   SPLASHDOWN PRODUCTIONS, LLC
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| SPLASHDOWN PRODUCTIONS, LLC, a California limited liability company,<br><br>      Plaintiff<br><br>      v.<br><br>JUSTIN JONES, an individual doing business under the name Marquis Productions and HIGHLAND FILM GROUP, a business entity of unknown form and State of Incorporation,<br><br>      Defendants. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff Splashdown Productions, LLC brings the following complaint
2  against the defendants named herein and alleges as follows:

## THE PARTIES

1. Plaintiff Splashdown Productions, LLC ("SPLASHDOWN" or "Plaintiff") is a Florida limited liability company with its principal place of business in the County of Los Angeles in the State of California.

2. Defendant Justin Jones ("JONES") is an individual who resides in the County of Los Angeles in the State of California who does business under the name Marquis Productions ("MARQUIS).

3. Defendant Highland Film Group (hereinafter "Highland") is a business entity of unknown form and unknown state of incorporation with its principal place of business in the County of Los Angeles in the State of California.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the copyright laws of the United States of America, 17 U.S.C. § 101, et seq., including section § 501.

5. This Court has original subject matter jurisdiction over the matters pleaded herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental subject matter jurisdiction over the matters pleaded herein pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over all Defendants because each Defendant resides in the State of California and regularly and systematically conducts business throughout California by advertising, promoting, offering for sale and selling their goods and services to distributors, wholesalers and retailers and individuals in the apparel industry who reside in California. All Defendants' conduct alleged herein caused injury to a California partnership, whose partners

both reside in California.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because, among other reasons, all Defendants are subject to personal jurisdiction in this District and have committed acts of copyright infringement in this District. Furthermore, Defendants have sold and distributed infringing products in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. SPLASHDOWN is the sole owner of all pertinent copyrights for a film called "Paranormal Incident", including, but not limited to United States Copyright entitled "Paranormal Incident" with Registration No. TXu001787068 / 2011-10-12 based on work created in September of 2010 (the "Paranormal Incident Copyrights.") A copy of the registration information from the United States Copyright Office for said copyright appears below:

| | |
|---:|:---|
| **Type of Work:** | Dramatic Work and Music; or Choreography |
| **Registration Number / Date:** | TXu001787068 / 2011-10-12 |
| **Application Title:** | Paranormal Incident. |
| **Title:** | Paranormal Incident. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Splashdown Productions, L.L.C., Transfer: By written agreement. Address: 441 Burchett Street, #211, Glendale, CA, United States. |
| **Date of Creation:** | 2010 |
| **Authorship on Application:** | Matthew Bolton; Domicile: Afghanistan; Citizenship: United States. Authorship: text. |
| **Rights and Permissions:** | Matthew Bolton, Splashdown Productions, L.L.C., 441 Burchett Street, #211, Glendale, CA, 91203, United States, (323) 314-5685, splashdown1@gmail.com |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Bolton, Matthew<br>Splashdown Productions, L.L.C. |

10. SPLASHDOWN has not assigned, transferred or otherwise licensed any of the rights in and to the Paranormal Incident Copyrights to the Defendants or

1 | any third party.

2 | 11. Defendants JONES and MARQUIS had access to the creative works embodied in the Paranormal Incident Copyrights in their capacity as [potential] [distributors] of the motion picture film called Paranormal Incident (the "Movie.")

5 | 12. Defendants JONES and MARQUIS engaged in unauthorized reproduction, distribution, adaption, public display and performance of the Paranormal Incident Copyrights from 2010 to the present date in United States and international markets variously entitled "Paranormal Incident 2" and "616 Paranormal Incident" as detailed herein (the "Infringing Sequel.")

10 | 13. More particularly, in or about February 12, 2012, JONES and MARQUIS released an unauthorized "sequel" to Paranormal Incident entitled "Paranormal Incident 2" – which revolves around the same main character, Special Agent Watts, and his paranormal investigation team.

14 | 14. Special Agent Watts is played by the same actor, Thomas Downey, in the Movie and the Infringing Sequel, further implying that the character is intended to be the same investigator as appeared in The Movie. This character employs the same mannerisms and identifiable character traits in both films.

18 | 15. Both the Movie and the Infringing Sequel are "found footage" style films, as if the film footage was recovered from abandoned video cameras.

20 | 16. The plot of the Infringing Sequel unfolds in much the same manner as the Movie. The plots are so similar, in fact, that Redbox users who rented the Infringing Sequel publically complained that Redbox was simply reselling the Movie with different cover art.

24 | 17. The cover art of the Infringing Sequel is virtually identical to the cover art on the Movie, in an attempt to create continuity between the two works and in the hopes of linking the two works together in the minds of viewers. Each portrays a woman, seemingly in pain and yelling, pressed against the glass of a window, with an eerily lit hallway visible behind her.

18. The synopsis of the Infringing Sequel implies the story line continues from the Movie by stating "Agent Watts ... thinks it's business as usual," implying the viewer would know that character's usual routine, as previously described in the Movie.

19. Advertising for The Infringing Sequel lauds that it as "From the Creators of Paranormal Incident" further attempting to link The Infringing Sequel with the Movie and attempting to capture the same audience and benefit from the goodwill created by the Movie.

20. Many of the producers on The Infringing Sequel are the same as the producers on The Movie. The distributor is the same. Such persons were intimately knowledgeable about the writing, plot line, cinematography, and other creative choices employed in The Movie, which were also employed in the creation of The Infringing Work, and therefore had access to the copyrighted material owned by Plaintiff embodied in the Movie.

21. In addition to JONES and MARQUIS's infringement of the Paranormal Incident Copyrights related to their Infringing Sequel, both said defendants also collected various monies from sales and distribution of the Movie, and have failed to account and pay for their collection of such monies and royalties.

22. With actual and constructive notice of the Paranormal Incident Copyrights, defendant HIGHLAND sold and distributed the Infringing Sequel in both US and foreign markets from February 12, 2012 to the present.

### FIRST CLAIM FOR COPYRIGHT INFRINGEMENT

(Against Defendants JONES and MARQUIS)

23. Plaintiff incorporates by reference all previous allegations of this Complaint as if set forth in full herein.

24. Through their conduct averred herein, Defendants JONES and

MARQUIS have infringed Plaintiff's Paranormal Incident Copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25. Defendants JONES and MARQUIS's' acts of infringement were willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's' rights.

26. As a direct and proximate result of said infringement by Defendants JONES and MARQUIS, Plaintiff is entitled to damages in an amount to be proven at trial

27. Plaintiffs are also entitled to JONES and MARQUIS's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

28. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

29. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, JONES and MARQUIS will continue to infringe Plaintiff's rights in the Paranormal Incident Copyrights. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin said Defendants' continuing infringing conduct.

### SECOND CLAIM FOR COPYRIGHT INFRINGEMENT
(Against Defendant HIGHLAND)

30. Plaintiff incorporates by reference all previous allegations of this Complaint as if set forth in full herein.

31. Through its conduct alleged herein, Defendant HIGHLAND has infringed Plaintiff's Paranormal Incident Copyrights in violation of Sections 106

1  and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

2      32. Defendant HIGHLAND's' acts of infringement were willful,
3  intentional and purposeful, in disregard of and with indifference to Plaintiff's'
4  rights.

5      33. As a direct and proximate result of said infringement by Defendant
6  HIGHLAND, Plaintiff is entitled to damages in an amount to be proven at trial

7      34. Plaintiffs are also entitled to HIGHLAND's profits attributable to the
8  infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a
9  constructive trust with respect to such profits.

10     35. Plaintiff is further entitled to his attorneys' fees and full costs pursuant
11 to 17 U.S.C. § 505 and otherwise according to law.

12     36. As a direct and proximate result of the foregoing acts and conduct,
13 Plaintiff has sustained and will continue to sustain substantial, immediate, and
14 irreparable injury, for which there is no adequate remedy at law. Plaintiff is
15 informed and believes and on that basis avers that unless enjoined and restrained by
16 this Court, HIGHLAND will continue to infringe Plaintiff's rights in the Paranormal
17 Incident Copyrights. Plaintiff is entitled to preliminary and permanent injunctive
18 relief to restrain and enjoin said Defendant's continuing infringing conduct.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff prays for judgment against defendants and each of them jointly and severally as follows:

(1) For damages in such amount as may be found, or as otherwise permitted by law;

(2) For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyrights in the Paranormal Incident Copyright;

(3) For a preliminary and permanent injunction prohibiting Defendants, and

Case 2:14-cv-01578-BRO-VBK Document 1 Filed 03/04/14 Page 8 of 8 Page ID #:8

their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's Paranormal Incident Copyright.

(4) For prejudgment interest according to law.

(5) For Plaintiffs' attorneys' fees, costs, and disbursements in this action; and

(6) For such other and further relief as this Court deems just and proper.

DATED: March 4, 2014          **HANDAL & MOROFSKY, LLC**

<u>/s/ David M. Dushane</u>
David M. Dushane
Attorneys for Plaintiff

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

DATED: March 4, 2014          **HANDAL & MOROFSKY, LLC**

<u>/s/ David M. Dushane</u>
David M. Dushane
Attorneys for Plaintiff

7
COMPLAINT FOR COPYRIGHT INFRINGEMENT